**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mickey Jones, | No. CV-18-00758-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| T. Allen, Unknown Police Officer, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.  Legal Standards**
    **A.  28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
…
    **B.  Rule 8**, **Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause

of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, \*2-\*3 (D. Ariz. 2005).

## II. Analysis

Liberally construing the complaint, the Court finds that 28 U.S.C. § 1915 is satisfied as to Defendant 1, T. Allen #2210, as to Counts 1-4 and 6.[1] Count 5 charges violations of Arizona criminal statutes. (Doc. 1 at 7-8). Plaintiff, as an individual, cannot bring charges for violations of Arizona criminal statutes.[2] Accordingly, Count 5 will be dismissed.

As to Defendant 2, unknown police officer, the totality of the allegations in the complaint are: "Around 5:57 a.m. … Defendant #1 started looking at his cell phone[]…. At about the same time Defendant #2 walked from Burger King to Extra Space…." (Doc. 1 at 5). This alleged walk by Defendant #2 is inadequate to state a claim against Defendant #2. Accordingly, Defendant #2 will be dismissed, without prejudice.

## III. Conclusion

**IT IS ORDERED GRANTING** the application for leave to proceed in forma pauperis (Doc. 2), without prepayment of costs or fees or the necessity of giving security therefor. Service by waiver or service of the summons and complaint shall be at government expense on the defendant by the U.S. Marshal or his authorized representative. The Court directs the following:

(1) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for the non-fictitious Defendant.

---

[1] Such a finding is without prejudice to Defendant T. Allen moving to dismiss if Defendant deems such a motion to be appropriate.

[2] There is no private right of action for a violation of criminal statutes. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy).

1  (2)  Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 90 days of the filing of the Complaint, the action may be dismissed. Fed. R. Civ. P. 4(m).

(4)  **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

**IT IS FURTHER ORDERED** that Defendant Unknown Police Office is dismissed, without prejudice.

**IT IS FINALLY ORDERED** that Count 5 is dismissed as to all Defendants. Defendant T. Allen shall answer or otherwise respond to Counts 1-4 and 6.

Dated this 21st day of March, 2018.

James A. Teilborg
Senior United States District Judge